IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JIMMIE LYLES CARPETS, INC.                                    PLAINTIFF

VS.                         CIVIL ACTION NO. 5:11-cv-85(DCB)(JMR)

MUNLAKE CONTRACTORS, INC., and
BERKLEY REGIONAL INSURANCE COMPANY                           DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendants' Motion to Transfer Venue **(docket entry 4)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

This action was originally filed in the Circuit Court of Jefferson County and removed by the defendants to this Court on the basis of diversity jurisdiction. According to the plaintiff's First Amended Complaint, the plaintiff Jimmie Lyles Carpets, Inc. ("Lyles"), is a Mississippi Corporation; defendant Munlake Contractors, Inc. ("Munlake"), is a Missouri corporation authorized to do business in Mississippi; and defendant Berkley Regional Insurance Company ("Berkley") is a Delaware corporation licensed to issue surety bonds in Mississippi. The complaint alleges that pursuant to a Contract between Lyles and Munlake, Lyles furnished materials and labor to Munlake for construction of a housing project at Alcorn State University in Jefferson County, Mississippi ("the Project"). Berkley, as surety, issued a Payment Bond in connection with the Project, with Munlake as principal. The

Payment Bond makes Munlake and Berkley jointly and severally liable to pay for labor, materials and equipment furnished for use in the Project. Disputes arose between Lyles and Munlake, and Lyles made a claim upon the Payment Bond for monies due and owing.

The Contract between Lyles (Subcontractor) and Munlake (Contractor) contains an arbitration provision covering the disputes. The plaintiff contends that the provision renders arbitration mandatory and binding. First Amended Complaint, ¶ 9. On April 14, 2011, Lyles filed a Demand for Arbitration against Munlake regarding the disputes between them. Lyles filed its First Amended Complaint "as a protective measure to avoid any potential statute of limitations issues in the event Munlake should fail to comply with and/or execute the ultimate award or awards by the arbitrators." First Amended Complaint, ¶ 12. Consequently, in its First Amended Complaint and in its Motion to Stay Proceedings and Compel Binding Arbitration, Lyles seeks a stay of this civil litigation pending arbitration, asserting its right to compel arbitration and to confirm the arbitration award once entered. Id.; Motion to Stay/Compel, p. 1.

In their Answer to Lyles' First Amended Complaint, and in response to Lyles' motion, the defendants admit that the Contract contains an arbitration clause, but assert that pursuant to the terms of the arbitration agreement, only Munlake has the discretion to invoke arbitration. Answer, ¶¶ 9-10; Response, p. 2. The

defendants also point out that the Contract contains a venue provision as follows: "Venue for legal action shall be proper only in the courts of Jackson County, Missouri." Answer, ¶ 5; Contract, ¶ 5, § XIV.F.

The defendants move for transfer of this action to the United States District Court for the Western District of Missouri, which sits in Jackson County, Missouri. Whether a forum selection clause is enforceable is a matter of federal law. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988). Under Fifth Circuit precedent, when determining whether a forum selection clause in a contract will require the parties to litigate in the named forum, i.e., is mandatory and enforceable, a two-step inquiry is undertaken. See Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 127 (5th Cir. 1994). First, the court looks to see whether the forum selection clause is mandatory or permissive. Id. If it is mandatory, then the court must determine whether it is enforceable. Id. at 127.

The Fifth Circuit has held forum selection clauses mandatory when express language such as "only" or "must" is incorporated into the clause to bestow exclusive jurisdiction or venue on a court of a specific locale. See Bentley v. Mut. Benefits Corp., 237 F.Supp. 2d 699, 703 (S.D. Miss. 2002)(citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)("Any dispute arising must be treated before the London Court of Justice.")(emphasis added)); Pelleport

Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 280 (9th Cir. 1984)(holding that the language, "this Agreement shall be litigated only in the Superior Court for Los Angeles (and in no other)" was mandatory); Maley v. Design Benefits Plan, Inc., 125 F. Supp 2d 836, 838 (E.D. Tex. 2000)(finding a forum selection clause which provided that "[v]enue for any action, suit or other proceeding, including non-contract disputes, shall be exclusively in Winnebago County, Illinois" was mandatory); Peterson v. Test Int'l, E.C., 904 F.Supp. 574, 575, 580 (S.D. Miss. 1995)(finding that a forum selection clause stating "[t]he only courts of jurisdiction in any matter, or dispute, and/or controversy arising out of this agreement and/or employment shall be the court of Bahrain," was mandatory because it clearly and unequivocally limited the forum to the courts of Bahrain on its face)(emphasis added).

In the Fifth Circuit, mandatory forum selection clauses, by their terms, expressly limit the forum to the one listed in the contract. In other words, a mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal, and mandatory. On the other hand, a permissive forum selection clause authorizes jurisdiction or venue in a selected forum, but does not prohibit litigation elsewhere. Bentley, 237 F.Supp. 2d at 701 (citing Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 127 (5th Cir. 1994)). In this

4

case, the forum selection clause states that "[v]enue for any action shall be proper only in the courts of Jackson County, Missouri." Since it uses the express language "only," and limits venue to courts located in one locale, Jackson County, Missouri, the clause is a mandatory forum selection clause. The plaintiff's argument, that it merely agreed not to object to personal jurisdiction in Missouri, is contradicted by the clear language of the forum selection clause and is unavailing.

The defendants also contend that the forum selection clause is enforceable. In the Fifth Circuit, the validity of a forum selection clause is analyzed under federal law, regardless of whether jurisdiction is based on diversity or on a federal question. <u>Haynsworth v. The Corporation</u>, 121 F.3d 956, 962 (5th Cir. 1997); <u>Alliance Health Grp., LLC v. Bridging Health Options, LLC</u>, 553 F.3d 397, 399 (5th Cir. 2008). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." <u>Seattle-First Nat'l v. Manges</u>, 900 F.2d 795, 799 (5th Cir. 1990)(citing <u>M/S Bremen</u>, 407 U.S. at 10). In other words, such clauses, where mandatory, will generally be enforced "unless [the aggrieved party] ... clearly show[s] that enforcement would be unreasonable or unjust or that the clause was invalid for such reasons as fraud or overreaching." <u>Peterson</u>, 904 F.Supp. at 580 (citing <u>M/S Bremen</u>, 407 U.S. at 15). The party resisting

enforcement of a forum selection clause bears a heavy burden of proof, even when the selected forum is remote. <u>Ginter ex rel. Ballard v. Belcher, Pendergast & Laporte</u>, 536 F.3d 439, 441 (5th Cir. 2008); <u>M/S Bremen</u>, 407 U.S. at 17.

In its Response, the plaintiff argues that the forum selection clause is "unreasonable under the circumstances." Response, p. 6. In <u>Haynsworth</u>, the Fifth Circuit set forth four situations which could result in a finding of unreasonableness:

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

<u>Haynsworth</u>, 121 F.3d at 963 (quoting <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 595 (1991)).

First of all, the plaintiff argues that "forcing Lyles into Missouri is overreaching by Munlake." Response, p. 6. In order to invalidate the forum selection clause on grounds of fraud or overreaching, the plaintiff must allege that the inclusion of the forum selection clause in the contract was the product of overreaching. <u>Haynsworth</u>, 121 F.3d at 963. "Overreaching" is defined as "[t]he act or an instance of taking unfair commercial advantage of another, esp. by fraudulent means." BLACK'S LAW DICTIONARY 1136 (8th ed. 2004). The plaintiff has not set forth any

6

facts or arguments that Munlake took unfair advantage of Lyles by fraud or any other means. The Court concludes that the forum selection clause was not the product of fraud or overreaching.

Next, Lyles argues that "[s]hould the Court enforce the clause, Lyles will be deprived of its day in court." Response, p. 6. In support of this argument, the plaintiff asserts that "it will be necessary to conduct written discovery and take the testimony, both as part of discovery and any hearing[,] of multiple entities and persons who are located in Mississippi." Response. p. 7. The plaintiff also asserts that essential documents are located in Mississippi. Id. This, according to the plaintiff, "would utterly obviate Lyles' ability to adequately and efficiently present evidence of its claims against Defendants" in a Missouri court. Lyles also claims that a "fundamental unfairness ... will result if the Court orders venue transferred to Missouri - a state having no connection to the underlying claims, other than providing Munlake a 'home court' advantage and the motive for its overreaching."

The location of witnesses and documents may make Mississippi a more convenient forum for the plaintiff, but it does not show that enforcing the forum selection clause "would be so gravely inconvenient or unfair that the [plaintiff] would effectively be deprived of [its] day in court." Rimkus Consulting Group., Inc. v. Rault Resources, Inc., 2008 WL 901483, *6 (S.D. Tex. March 31,

2008)(citing <u>Carnival Cruise Lines</u>, 499 U.S. at 594 (finding that it was not unreasonable to enforce a provision designating Florida as the forum for any lawsuit arising out of a contract when the party challenging the clause lived in Washington state)(additional citations omitted)). "To meet the heavy burden required to overcome the presumption that a forum selection clause is valid, plaintiff must show that it is an impossibility for her to try her case, not simply a less convenient or effective means of doing so." <u>Pratt v. Silversea Cruises, Ltd.</u>, 2005 WL 1656891, *4 (N.D. Cal. July 13, 2005). Furthermore, it is often the case that a forum selection clause will designate a forum where one of the parties is incorporated or has its principal place of business. "If this ground alone was sufficient to find such clauses unenforceable, it would injudiciously eviscerate the certainty and consistency that these provisions are designed to provide in innumerable contracts." <u>Blacktop Indust., Inc. v. Cleveland Constr., Inc.</u>, 2009 WL 1140020, *3 (S.D. W.Va. April 28, 2009).

Finally, Lyles argues that "enforcement of the forum selection clause would contravene strong public policy of the State of Mississippi," namely, "Mississippi's strong public policy of enforcement of arbitration provisions." Response, p. 8 (citing <u>Vicksburg Partners, LP v. Stephens</u>, 911 So.2d 507, 513 (Miss. 2005)("This Court has recognized that arbitration is favored and firmly embedded in both our Federal and State laws")). However,

Lyles does not present any authority for its assertion that Mississippi's public policy favoring arbitration is greater than that of Missouri. In fact, Missouri, like Mississippi, favors arbitration proceedings. See AJM Packaging Corp. v. Crossland Constr. Co., 962 S.W.2d 906, 911 (Mo. App. S.D. 1998)("This court recognizes the existence of a public policy of actively enforcing private arbitration agreements under both the Federal Arbitration Act and Missouri's Uniform Arbitration Act.").

The record does not disclose a basis to find the forum selection clause unreasonable. In light of the plaintiff's heavy burden of proof, the Court finds that the plaintiff has not overcome the presumed enforceability of the forum selection clause.

Having determined that the clause is enforceable, the Court must decide the proper procedure for determining the disposition of this case. The defendants urge transfer of this action to the United States District Court for the Western District of Missouri. Where the proposed transfer is from one federal district court to another, the appropriate analysis is under 28 U.S.C. § 1404(a). Brock v. Baskin-Robbins, Inc., 113 F.Supp.2d 1078, 1085 (E.D. Tex. 2000). See also 15 Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, §3803.1 (2d ed. 2004)("analysis under § 1404(a) represents the majority approach when the contractually specified forum is another federal court").

Section 1404(a) provides that, "[f]or the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As a preliminary question, the Court must decide "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004).

Since federal jurisdiction in this case is founded solely on diversity of citizenship, the applicable venue statute is 28 U.S.C. § 1391(a), which provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Subsection (c) further provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Munlake is a Missouri corporation domiciled in the Western District of Missouri. Berkley, a Delaware corporation, does business in the Western District of Missouri and is licensed to do business by the Missouri Department of Insurance, which is

10

authorized to receive service of process on its behalf. Both defendants are therefore subject to personal jurisdiction in the Western District of Missouri, and venue is proper in that district under Section 1391(a)(1) and (c).

The language of § 1404(a) requires a court to consider "the convenience of parties and witnesses" and "the interest of justice" in analyzing whether to transfer a case. As stated by the Fifth Circuit:

> The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. <u>Action Indus., Inc. v. U.S. Fidelity & Guar. Co.</u>, 358 F.3d 337, 340 (5th Cir. 2004)(citing <u>Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.</u>, 796 F.2d 821, 827 (5th Cir. 1986)). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 n.6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. <u>Id</u>.

<u>In re Volkswagen AG</u>, 371 F.3d at 203.

In addition, a valid forum selection clause, while not dispositive, is given substantial weight in a § 1404(a) analysis. In <u>Stewart Organization</u>, the Supreme Court observed:

> The presence of a forum selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's

11

calculus .... The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences.

487 U.S. at 29-30; see also 487 U.S. at 33 (Kennedy, concurring)("Though state policies should be weighed in the balance, the authority and prerogative of the federal courts to determine the issue, as Congress has directed by § 1404(a), should be exercised so that a valid forum-selection clause is given controlling weight in all but the most exceptional cases." (citing M/S Bremen, 407 U.S. at 10)).

In First Mississippi Corp. v. Thunderbird Energy, Inc., 876 F.Supp. 840 (S.D. Miss. 1995), the court held:

Where (as here) a forum selection clause is present, consideration of the [§ 1404(a)] factors still might lead a Court to conclude that enforcement of the clause would effectively "deprive [the party moving for the change of venue] of [his] day in court." Manges, 900 F.2d at 799. However, the Court could only reach such a conclusion if the factors supporting change overwhelmingly favored the forum other than the one upon which the parties agreed. Such a situation would be rare, and has not occurred in this case.

876 F.Supp. at 845. In other words, "the overriding consideration in this case is not the factorial analysis, but the forum selection clause." Id. at 846. "A forum selection clause also creates a presumption that both parties' interests are better served in the forum chosen by the parties." Southeastern Consulting Group, Inc. v. Maximus, Inc., 387 F.Supp.2d 681, 685 (S.D. Miss. 2005)(citing Elliott v. Carnival Cruise Lines, 231 F.Supp.2d 555, 561 (S.D. Tex.

2002)). The Court therefore begins its analysis with this presumption, and analyses the other § 1404(a) factors to see if they can overcome it. Elliott, 231 F.Supp.2d at 561 (citing Lafargue v. Union Pacific Railroad, 154 F.Supp.2d 1001, 1005 (S.D. Tex. 2001)).

The plaintiff argues, first of all, that the forum selection clause should be given little weight, and that the plaintiff's choice of venue in Mississippi should be respected. Pl. Brief, p.9. This runs contrary to the case law previously cited. Furthermore, Munlake, a general contractor doing business with subcontractors in several states, has a rational and legitimate interest in designating Missouri as the forum in its subcontracts. Lyles agreed to that forum in a bargained-for contract, thus expressing its intent to litigate there.

As to the § 1404(a) factors, Lyles states that it "anticipates calling witnesses from Harrell Construction Group, Dale and Associates, P.A., Thomas Flooring and others, all of whom reside in Mississippi." Pl. Brief p.10. Lyles also lists the following private factor arguments for keeping the case in this Court:

> The Project is located in Mississippi; all work was performed in Mississippi; the majority of witnesses reside in Mississippi; thus, compulsory process will be impossible should the matter be transferred to Missouri; and the cost of attendance for willing witnesses to travel to Missouri will be significantly more compared to the cost of attendance at either an arbitration hearing, if arbitration is granted, or a trial in their home State of Mississippi. ... While neither forum is perfect for either party, Munlake came to Mississippi, sought to do

13

> business in Mississippi, and for all the reasons set
> forth throughout the Response, Lyles should be able to
> have its claims heard in Mississippi.

Pl. Brief p.11. (footnotes omitted).

The defendants do not dispute that witnesses and documents are located in Mississippi, but point out that there are also witnesses and documents located in Missouri. Consideration of the convenience of witnesses and location of documents therefore favors neither forum. See <u>Black & Veatch Constr. v. ABB Power Generation</u>, 123 F.Supp.2d 569, 581 (D. Kan. 2000)(location of evidence did not favor either party where evidence was located in both forums, requiring that one side or the other's evidence would have to be transported in any event). The Court also notes that the Federal Rules provide that deposition transcripts may be used at a trial where the witness is unavailable. Fed.R.Civ.P. 32(a)(3); <u>see</u> also <u>M/S Bremen</u>, 407 U.S. at 18-19 (potential cost of transporting witnesses to foreign forum was not significant because the parties could present deposition testimony of the witnesses).

As for the public interest factors, Lyles makes the following arguments:

> Lyles is unable to know the Court's time-frame for
> setting a matter for trial, but it does know that
> arbitration is generally a more expeditious way to
> resolve disputes. ... The State of Mississippi has an
> interest in the outcome of a controversy involving one of
> its institutes of higher learning; Mississippi
> substantive law will govern the case, and application of
> Mississippi law by either this Court or an arbitrator
> will avoid conflicts of laws issues.

Pl. Brief, p.12.

The defendants respond that this suit is not a controversy involving one of Mississippi's institutes of higher learning, but is instead a simple breach of contract action between a contractor and a subcontractor, which does not directly affect the community and does not require a jury of local citizens. The Court also notes that at least one court has found a public interest in the enforcement of bargained-for forum selection clauses. See Ohio Savings Bank v. Manhattan Mortgage Co., Inc., 2005 WL 1075054, *6 (N.D. Ohio May 5, 2005).

The issue of which state's law will apply in this case is not before the Court, and the Court will not speculate on the issue. However, the possibility that the transferee court will have to apply Mississippi law is entitled to little weight in the § 1404(a) analysis. See Frazier v. Commercial Credit Equip. Corp., 755 F.Supp. 163, 168 (S.D. Miss. 1991); Sorrels Steel Co. v. Great Southwest Corp., 651 F.Supp. 623, 629 (S.D. Miss. 1989). Neither will the Court speculate on the merits of the plaintiff's motion to compel arbitration.

When a forum selection clause is present, the § 1404(a) strict factorial analysis is not conclusive of the venue issue; only when the § 1404(a) factors combine to deprive the plaintiff of its day in court may venue be retained in the plaintiff's choice of forum. The facts of this case do not present a situation so rare as to

deprive Lyles of its day in court. Lyles has failed to meet its burden of demonstrating that the forum selection clause is unenforceable. Likewise, it has failed to meet its burden of showing that the § 1404(a) factors are so overwhelmingly in its favor that to require it to litigate in Missouri would deprive it of its day in court. Munlake, on the other hand, has met its burden of demonstrating that its motion to transfer venue should be granted.

The sole remaining issue is whether Berkley is also entitled to a change of venue. First of all, the Federal Rules encourage the joinder of claims and parties. See Fed.R.Civ.P. 18, 19, 20; see also Fed.R.Civ.P. 1 (purpose of the Rules is "to secure the just, speedy, and inexpensive determination of every action"). Second, the Court has already determined that venue as to Berkley is proper in the Western District of Missouri since it is subject to personal jurisdiction there. Third, the plaintiff's claims against Berkley and Munlake are closely related and should be tried together. See Nemo Associates, Inc. v. Homeowners Marketing Serv. Int'l, Inc., 942 F.Supp. 1025, 1029 (E.D. Penn. 1996).

Finally, although Berkley was not a party to the forum selection clause, the Court finds that the clause can be invoked by Berkley. "A surety generally stands in the shoes of its principal." United States ex rel. Fireman's Fund Ins. Co. v. Frank Briscoe Co., 462 F.Supp. 114, 116 (E.D. La. 1978). "Although a

surety is not a party to a subcontract agreement, its liability under a payment bond is determined by the agreements between its principal and the subcontractor. The surety therefore should have all the benefits and suffer all the disadvantages that would accrue to the general contractor under those agreements." Arrow Plumbing and Heating, Inc. v. North American Mechan. Servs. Corp., 810 F.Supp. 369, 372 (D. R.I. 1993)(citing Fireman's Fund Ins., 462 F.Supp. at 117). See also In re Fireman's Fund Ins. Cos., 588 F.2d 93 (5th Cir. 1979)(holding that forum selection clause in subcontract overrides Miller Act venue provision and warrants transfer of action against contractor and surety); Concrete Indust., Inc. v. Dobson Bros. Constr. Co., 2007 WL 1455979, *5 (D. Kan. May 17, 2007)(surety has same defenses as principal and can enforce forum selection clause between principal and subcontractor).

For the reasons stated above, the Court finds that the defendants' motion to transfer venue is well taken and shall be granted.

Accordingly,

IT IS HEREBY ORDERED that the defendants Munlake Contractors, Inc. and Berkley Regional Insurance Company's Motion to Transfer Venue **(docket entry 4)** is GRANTED.

The Court will issue a separate Order Transferring Venue to the Western District of Missouri and directing the clerk of court

to close the case on this Court's docket.

SO ORDERED, this the /1th day of June, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE